**WO**                                                                                           KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gorden George,           ) | No. CV 05-1959-PHX-EHC (GEE) |
| Plaintiff,           ) | **ORDER** |
| vs.           ) | |
| Arizona Department of Corrections, et al.,) | |
| Defendants.           ) | |

On June 30, 2005, Plaintiff Gorden George, presently confined in the Arizona State Prison Complex-Eyman, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983. Plaintiff filed a First Amended Complaint on August 16, 2005. Plaintiff did not pay the two hundred fifty dollar ($250.00) filing fee or file an Application to Proceed In Forma Pauperis by a Prisoner Civil (Non-Habeas) ("Application to Proceed").

Pursuant to 28 U.S.C. § 1915(b)(1), as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA"), Plaintiff must now pay the full amount of the two hundred fifty dollar ($250.00) filing fee when he files a civil action. Nevertheless, Plaintiff may file a civil action even if he has no assets to immediately pay the filing fee. 28 U.S.C. § 1915(b)(4). If Plaintiff currently has no assets, the filing fee will be collected from him when funds exist. 28 U.S.C. § 1915(b).

**JDDL**

1  Accordingly, Plaintiff must now pay the two hundred fifty dollar ($250.00) filing fee, 2 or if unable to pay the fee immediately, must submit to the Court a certified "Application 3 to Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" ("Application to 4 Proceed"), using the form included with this Order.  Plaintiff's Application to Proceed must 5 have an original signature by Plaintiff, and must include a certified copy of his trust fund 6 account statement (or institutional equivalent) for the six (6) months immediately preceding 7 the filing of the Complaint, and if he was held at more than one institution during the six (6) 8 months immediately preceding the filing of the Complaint, he must file a certified trust fund 9 account statement(s) (or institutional equivalent) for each institution where he was confined. 10 Both Plaintiff's Application to Proceed and trust fund account statement must have an 11 original signature of the authorized officer.

12  The Arizona Department of Corrections ("ADOC") has notified the Court that a 13 certified trust fund account statement showing deposits and average monthly balances is 14 available from the ADOC's Central Office.  Accordingly, Plaintiff shall obtain the certified 15 copy of his trust fund account statement from the ADOC's Central Office.

16  If Plaintiff submits a certified Application to Proceed and a certified copy of his trust 17 fund account statement(s) for the six (6) months immediately preceding the filing of the 18 Complaint, instead of immediately paying the two hundred fifty dollar ($250.00) filing fee, 19 the Court will assess and, when funds exist, collect an initial partial filing fee of twenty 20 percent (20%) of the greater amount of either the average monthly deposits or the average 21 monthly balance in Plaintiff's account for the six (6) months immediately preceding the filing 22 of the Complaint.  28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, 23 Plaintiff will be required to make monthly payments equaling twenty percent (20%) of the 24 preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).

25  The agency having custody of Plaintiff will be required to forward payments from his 26 account to the Clerk of the Court each time the amount in the account exceeds ten dollars 27 ($10.00) until the filing fee is paid.  Id.

28

**JDDL**

- 2 -

1       Plaintiff should note that, even after he pays the filing fee, the Court will dismiss the
2 case, at any time, if the Court determines that the allegation of poverty is untrue, that the
3 action is frivolous or malicious, that the Complaint fails to state a claim upon which relief
4 may be granted, or that monetary relief is sought against a defendant who is immune from
5 such relief.  28 U.S.C. § 1915(e)(2).  The Court also will dismiss the Complaint if Plaintiff
6 fails to exhaust any administrative remedy available to him.  42 U.S.C. 1997e(a).

7       Plaintiff also should note that a prisoner may not bring a civil action without complete
8 prepayment of the appropriate filing fee if the prisoner has brought, on three or more
9 occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious,
10 or for failure to state a claim upon which relief may be granted, unless the prisoner is in
11 imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

12       Lastly, Plaintiff is cautioned that if he fails to timely comply with every provision of
13 this Order, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil
14 Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (District Court may dismiss
15 action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

16       **IT IS THEREFORE ORDERED** as follows:

17       (1) Plaintiff SHALL HAVE THIRTY (30) DAYS from the filing date of this Order
18 to pay the two hundred fifty dollar ($250.00) filing fee, or in the alternative, to file with the
19 Court a certified "Application to Proceed In Forma Pauperis By A Prisoner Civil (Non-
20 Habeas)" ("Application to Proceed"), using the form included with this Order.  Plaintiff's
21 Application to Proceed shall have an original signature by Plaintiff, and shall include a copy
22 of his trust fund account statement (or institutional equivalent) for the six (6) months
23 immediately preceding the filing of the Complaint which is certified by an authorized officer
24 of the institution.  Both Plaintiff's Application to Proceed and trust fund account statement
25 shall have an original signature of an authorized officer.  If Plaintiff was held at more than
26 one institution during the six (6) months immediately preceding the filing of the Complaint,
27 he shall file a certified trust fund account statement(s) (or institutional equivalent) for each
28 institution where he was confined.  **The trust fund account statement(s) must show**

1 **deposits and average balances for each month.** Plaintiff shall obtain the certified copy of
2 his trust fund account statement for his account at the ADOC from the ADOC's Central
3 Office;

4 (2) The Clerk of the Court is DIRECTED to enter a judgment of dismissal without
5 prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to pay the two
6 hundred fifty dollar ($250.00) filing fee, or in the alternative, if he fails to file a certified
7 Application to Proceed and a copy of his trust fund account statement(s) (or institutional
8 equivalent) for the six (6) months immediately preceding the filing of the Complaint, which
9 is certified by an authorized officer of the institution, within thirty (30) days of the date this
10 Order is filed;

11 (3) A clear, legible copy of every pleading or other document filed SHALL
12 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
13 District Judge or Magistrate Judge to whom the case is assigned. See Local Rule of Civil
14 Procedure 5.4. **Failure to submit a copy along with the original pleading or document**
15 **will result in the pleading or document being stricken without further notice to**
16 **Plaintiff**;

17 (4) At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY
18 ADVISE the Court and the United States Marshal of any change of address and its effective
19 date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice
20 shall contain only information pertaining to the change of address and its effective date,
21 except that if Plaintiff has been released from custody, the notice should so indicate. The
22 notice shall not include any motions for any other relief. Failure to file a NOTICE OF
23 CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
24 pursuant to Federal Rule of Civil Procedure 41(b); and

25 . . .
26 . . .
27 . . .
28

**JDDL**

- 4 -

(5) The Clerk of the Court is DIRECTED to provide Plaintiff with a current Court-approved form for filing an "Application to Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)."

DATED this 23rd day of September, 2005.

_____
Earl H. Carroll
United States District Judge

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $250.00 for a civil action. If you later file an appeal, you will be obligated to pay the $255.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 2/7/05

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, | ) | CASE NO. _____ |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | APPLICATION TO PROCEED |
|  | ) | *IN FORMA PAUPERIS* |
| _____, | ) | BY A PRISONER |
| Defendant(s). | ) | CIVIL (NON-HABEAS) |
|  | ) | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?  ☐Yes  ☐No  If "Yes," how many have you filed? _____.
   Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?  ☐Yes  ☐No  If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?  ☐Yes  ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____

3. Do you receive any other payments from the institution where you are confined?  ☐Yes  ☐No
   If "Yes," state the source and amount of the payments. _____
   _____

4. Do you have any other sources of income, savings, or assets either inside or outside of the institution where

you are confined? ☐Yes ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____

_____

I declare under penalty of perjury that the above information is true and correct.

_____                             _____
        DATE                                                        SIGNATURE OF APPLICANT

---

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

   I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information.  I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
   My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
   (A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or
   (B)  the average monthly balance in my account for the six-month period preceding my filing of this action.
   My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income.  Whenever the amount in my account reaches $10, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                             _____
        DATE                                                        SIGNATURE OF APPLICANT

---

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

   I, _____, certify that as of the date applicant signed this application:
       (Printed name of official)
The applicant's trust account balance at this institution is:                         $_____
The applicant's average monthly deposits during the prior six months is:    $_____
The applicant's average monthly balance during the prior six months is:     $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____  _____  _____  _____
  DATE       AUTHORIZED SIGNATURE       TITLE/ID NUMBER      INSTITUTION