**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gorden George, | ) No. CIV 05-1959 PHX EHC (GEE) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Correction Officer Braschler; et al., | ) |
| Defendants. | ) |

Pending before the court is a motion to appoint counsel and for an evidentiary hearing filed by the plaintiff on November 16, 2006. [doc. # 28] The defendant, M. Jones, filed a response.

The plaintiff in this case, Gorden George[1], filed an action pursuant to 42 U.S.C. § 1983 claiming the defendant, Corrections Officer M. Jones, called him a "snitch" in the presence of other inmates in retaliation for exercising his First Amendment rights. He is currently incarcerated in the Arizona State Prison Complex in Buckeye, Arizona.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

---

[1] According to the respondent, the plaintiff's correct name is George Gordin. The court will refer to the plaintiff using the name that appears on the Amended Complaint – Gorden George.

Discussion

In the instant motion, George argues the court should appoint counsel because, (1) "I am lack education literacy," (2) "I have physical chronic pains," (3) "I am not experienced jail house lawyer," (4) "no legal education," (5) "lacked assess to law library," (6) "not understand discovery procedures," and (7) "don't understand the requirements for summary judgment – could not articulate all my claims; that would make it difficult for me to present my case."

There is no constitutional right to counsel for a section 1983 action. *Rand v. Rowland*, 113 F.3d 1520, 1535 (9th Cir.1997). The court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) but only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

George argues he does not understand the pending motion for summary judgment. The court, however, just recently issued a notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) explaining what George must do to respond to that motion.

George argues he has "chronic pains," but there is no indication these pains have affected his prosecution of the case up until now. If George's "chronic pains" make writing difficult he may request additional time to file his response to the pending motion for summary judgment.

George argues generally that his present circumstances prevent him from prosecuting his action effectively. Unfortunately, the Constitution does not guarantee prisoners this right. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Prisoners have a right of access to the courts, but this only includes the right to raise a claim before the court. *Id.* George has done this by presenting his complaint. An inmate has no constitutional right to litigate effectively once his claims have been presented. *Id.*

1  A review of the complaint indicates George has the ability to adequately articulate his
2  claims. The legal issues involved are not particularly complex. Moreover, George does not
3  explain why he is likely to succeed on the merits. "Exceptional circumstances" are not
4  present here. *See, e.g., Terrell v. Brewer*, 935 F.2d at 1017. Accordingly,

6  IT IS ORDERED that the motion to appoint counsel and for an evidentiary hearing
7  filed by the plaintiff on November 16, 2006, is DENIED without prejudice. [doc. # 28]

9  DATED this 20th day of November, 2006.

*/s/ Glenda E. Edmonds*
Glenda E. Edmonds
United States Magistrate Judge